IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DONALD L. CAVINESS, | No. C 07-5132 WHA (PR) |
|     Petitioner, | **GRANT OF LEAVE TO PROCEED IN FORMA PAUPERIS; ORDER OF DISMISSAL** |
|     v. | |
| R. L. RUNNELS, Warden, | |
|     Respondent. | |

Petitioner, a California prisoner currently incarcerated at High Desert State Prison, has filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. He also requests leave to proceed in forma pauperis. Venue is proper because the conviction was obtained in Alameda County, which is in this district. *See* 28 U.S.C. § 2241(d).

**DISCUSSION**

**A.   STANDARD OF REVIEW**

This court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); *Rose v. Hodges*, 423 U.S. 19, 21 (1975). An application for a federal writ of habeas corpus filed by a prisoner who is in state custody pursuant to a judgment of a state court must "specify all the grounds for relief which are available to the petitioner ... and shall set forth in summary form the facts supporting each of the grounds thus specified." Rule 2(c) of the Rules Governing § 2254 Cases, 28 U.S.C. foll. § 2254. Habeas corpus petitions must meet heightened pleading

requirements. *McFarland v. Scott,* 512 U.S. 849, 856 (1994). "'[N]otice' pleading is not sufficient, for the petition is expected to state facts that point to a 'real possibility of constitutional error.'" Rule 4 Advisory Committee Notes (quoting *Aubut v. Maine*, 431 F.2d 688, 689 (1st Cir. 1970). "Habeas petitions which appear on their face to be legally insufficient are subject to summary dismissal." *Calderon v. United States Dist. Court (Nicolaus)*, 98 F.3d 1102, 1108 (9th Cir. 1996) (Schroeder, J., concurring).

**B.    LEGAL CLAIMS**

Petitioner pleaded guilty to second-degree robbery. Among other things, restitution was ordered; it is the amount of restitution he challenges here.

There are several reasons why this petition must be summarily denied. First, petitioner alleges only a state-law claim, in that he asserts only that the sentencing court "erred," and does not refer to any federal law or constitutional provision. This is not sufficient for federal habeas relief. *See Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991). Second, petitioner has attached part of his sentencing transcript and it is clear that he knew he would be charged the amount of restitution which was imposed and that he agreed to it. He thus has waived any constitutional claim that might inhere in these facts. *See United States v. Broce*, 488 U.S. 563, 574 (1989) (defendant who pleads guilty may not collaterally challenge a voluntary and intelligent guilty plea entered into with the advice of competent counsel). Third, petitioner had a previous habeas case challenging this Alameda County conviction, C 03-3875 WHA (PR), *Caviness v. Runnels*, which was denied on January 18, 2006. This petition therefore is second or successive, and as petitioner has not been granted leave to file it by the United States Court of Appeals for the Ninth Circuit, he cannot maintain it here. *See* 28 U.S.C. § 2244(b)(3)(A).

**CONCLUSION**

Leave to proceed in forma pauperis (document number 3 on the docket) is **GRANTED**. This case is **DISMISSED** for the reasons set out above. The clerk shall close the file.

**IT IS SO ORDERED.**

Dated: October  10  , 2007.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

G:\PRO-SE\WHA\HC.07\caviness5132.dsm.wpd